## SLOVER v. UNITED STATES.

### No. 43301.

Court of Claims.

June 3, 1940.

448

Frank J. Albus, of Washington, D. C. (Hugh E. Wall, of Washington, D. C., on the brief), for plaintiff.

D. F. Hickey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant. ·

Before WHALEY, Chief Justice, and LITTLETON, GREEN, and WHITA-KER, Judges.

WHITAKER, Judge.

The plaintiff seeks a deduction for 1931 of a loss incurred in connection with the purchase of fifty shares of stock of the Norfolk National Bank of Commerce and Trusts.

Section 23 (e) of the· Revenue Act of 1928, 45 Stat. 791, 26 U.S.C.A. Int.Rev. Code § 23(e) (1, 2), permits a deduction of losses—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business."

The plaintiff was the chairman of the board of the Norfolk Ledger-Dispatch, an evening newspaper. He was also a stockholder in the Norfolk National Bank of Commerce and Trusts. Associated with him in the newspaper business was P.·S. Huber, a younger man, in whose welfare the plaintiff was interested. Plaintiff suggested to Huber in 1928 that he purchase some of the stock of the Norfolk National Bank of Commerce and Trusts and, in order to induce him to do so and to save him from loss if he did, plaintiff entered into an agreement with him, as set out in his letter of December 1, 1928, which reads as follows:

"Referring to our recent conversation regarding the acquisition by you of stock of the Norfolk National Bank of Commerce and Trusts, as you know, I am greatly interested in the development of the bank and in your welfare also, and as I consider the purchase of the stock of this bank a good investment for you and one that may result in bringing you into closer contact with one of the leading business institutions of this city, I will agree to purchase from you at any time upon reasonable notice up to 50 shares of this stock at a price of $300.00 per share."

Following this Huber bought fifty shares of the stock of this bank at $300 a share, borrowing the money in order to do so, and using the stock as collateral for the loan. By July 1931 the market value of the stock had declined to about $125 a share, and Huber.was being pressed by his creditor for payment of the loan or for additional collateral. He, therefore, found it necessary to call on the plaintiff to fulfill his agreement as set out in his letter of December 1, 1928. In response the plaintiff purchased from him his 50 shares at $300 a share, and the next day sold the same stock for $125 a share, sustaining thereby a loss of $8,750.

It is clear that this is' not a loss incurred in the plaintiff's trade or business; in fact, plaintiff in his brief makes no such claim.

It also seems clear that the loss sustained was not one in a "transaction entered into for profit." Plaintiff had no opportunity of realizing a profit from the transaction. It could result in a loss but not in a profit. The plaintiff entered into the engagement not for profit, but in order to promote the welfare of a young man in whom he was interested. Goldsborough v. Burnet, 4 Cir., 46 F.2d 432.

The plaintiff is not entitled to recover and his petition will therefore be dismissed. It is so ordered.